DINWIDDIE LAMPTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22123, 22124. Promulgated September 28, 1929.

*Arthur C. Gunther, Esq.,* and *Perry B. Miller, Esq.,* for the petitioner.

*G. S. Herr, Esq.,* for the respondent.

652

OPINION.

ARUNDELL: For the years 1920 and 1921 petitioner pleads two legal bars against the deficiencies, namely, the statute of limitations against assessment, and the failure of the respondent to comply with the provisions of section 279 (b) of the Revenue Act of 1926. As to the first, the statute of limitations, the evidence is insufficient to enable us to pass upon it, in that it is not shown when the jeopardy assessment was made. On the other point, however, the petitioner must be sustained. The pleadings and the evidence show that the notice of the assessment, which also advised petitioner of his right of appeal under section 274 (a) of the Revenue Act of 1926, was mailed November 3, 1926. Under section 277 of the Revenue Act of 1926, which was in force when the assessment was made, the respondent had five years to assess for 1920 and four years for 1921, and under section 279 (b) he had 60 days more in which to notify the petitioner of the assessment. Counsel for the respondent in his answer admits that the respondent did not mail the deficiency notice within 60 days after making the jeopardy assessment. While in view of the lack of evidence, as pointed out above, we must assume that the assessment for 1920 and 1921 was timely made, nevertheless, the time elapsed from the filing of the returns to the date of notification of the assessment is more than the time for making assessment plus the additional 60 days for notification. The respondent failed to show that any of the exceptions in section 278 were applicable, *Farmers Feed Co.*, 10 B. T. A. 1069, and under the rule laid down in *J. H. Reese*, 15 B. T. A. 1261,

we must hold that the notice of November 3, 1926, is invalid and collection of the deficiencies for 1920 and 1921 barred by the statute of limitations.

This leaves for disposition on the merits the deficiencies determined for the years 1922 and 1923. The claim of the petitioner as to these deficiencies is that the amounts added to his income by the respondent were merely amounts which he had previously advanced to the corporation and were paid by it. The evidence does not show that petitioner ever advanced any money to either of the two companies which were merged in 1913 and of which petitioner then became president. The only advances of which there is evidence are those made by Dinwiddie, Walker, and West. These the petitioner agreed to and did repay out of amounts drawn from the insurance company.

In our opinion all of the amounts withdrawn by the petitioner from the insurance company, and which were entered on its books as salary, were income to the petitioner. In the first place the testimony of petitioner and of the general counsel for the company is explicit that there was no legal obligation on the part of the company to repay any of the advances made to it. Had they been legal obligations the company would have been insolvent and receivership would inevitably have followed. The directors very carefully saw to it that there was no written agreement which would obligate the company.

Neither the notes executed by petitioner nor the written agreements with Dinwiddie, Walker, and West are in evidence, and so we do not know what they recited as consideration. It appears plainly, however, from the petitioner's testimony that the real consideration was the relinquishment by Dinwiddie, Walker, and West of their right to future profits. Being officers of the company, they were entitled to draw as salaries all of the company income after payment of losses and expenses. Petitioner expected, when he entered into the agreements, that the income of the merged company would some day greatly exceed losses and expenses, and that his expectations were well founded is demonstrated by the large amounts available for salaries in the taxable years, which amounts were not only entered in petitioner's salary account and drawn by him, but were also reported to the State Insurance Department as salaries. The substance, then, of what petitioner did was to buy out the interests of other officers and in the taxable years he devoted part of his salary to the payment of his indebtedness on this purchase. This state of facts does not serve to exclude from taxable income any of the salary received by petitioner nor does it permit of any

deduction on account of the amounts paid out by petitioner on his indebtedness.

In the alternative, petitioner asks for deductions for interest paid in the taxable years. The amounts paid which are set forth in the findings of fact are properly deductible and allowances therefor will be made on recomputation.

Reviewed by the Board.

> *Judgment of no deficiency will be entered for the years 1920 and 1921. Judgment will be entered under Rule 50 for the years 1922 and 1923.*

PHILLIPS dissents.